IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE  DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 24, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

|  |  |  |
|---|---|---|
| **ALLEN JAMES SPENCER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25CV00725 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WEXFORD MEDICAL, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Allen James Spencer, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, against Wexford Medical and Haysi Regional Jail, claiming that he was not given proper medical treatment.

Upon Spencer's submission of his Complaint, the court entered an Order conditionally filing the civil action pending satisfaction of certain financial requirements.  By the same Order, the court directed Spencer to notify the court in writing immediately upon his transfer or release from his facility and provide a new address.  Spencer was specifically warned that "FAILURE TO NOTIFY THE COURT OF SUCH A CHANGE OF ADDRESS WILL RESULT IN DISMISSAL OF THIS CASE."  Order, Dkt. No. 3.

Following Spencer's submission of financial information, the court then entered an Order on May 13, 2026, advising Spencer that he had not stated actionable

claims under § 1983 where he named Wexford Medical and Haysi Regional Jail as defendants and providing him with an opportunity to amend his Complaint. The court ordered Spencer to file an Amended Complaint within thirty days or face dismissal of this action. The Clerk mailed the May 13, 2026, Order to Spencer at his last known address; however, the mailing was returned to the court on June 1, 2026, with no forwarding address provided. The returned envelope states in handwriting, "he is no longer here." Mail. Ret., Dkt. No. 9. No further correspondence has been received from Spencer.

Without a current mailing address, the court cannot communicate with Spencer regarding next steps in the litigation and the matter is prevented from proceeding. Accordingly, the court concludes that Spencer may have lost interest in prosecuting this action and will, therefore, dismiss it without prejudice. *See Burrell v. Shirley*, 142 F.4th 239, 249 (4th Cir. 2025) (providing that Federal Rule of Civil Procedure 41(b) provides an explicit basis for courts to dismiss a case for failure to prosecute or comply with court orders).

For these reasons, the Complaint will be dismissed without prejudice, and a separate Judgment will be entered.

ENTER:   June 24, 2026

/s/  JAMES P. JONES
Senior United States District Judge

-2-